# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

CLINTON M. WINFIELD, SR.,

        Plaintiff,

vs.                                                         NO. 10-CV-00410 WJ/ACT

UNITED STATES,

        Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on *Defendant United States of America's Motion to Dismiss Plaintiff's Civil Complaint and Memorandum in Support*, filed April 30, 2010 (Doc. 9). The Court has reviewed the motions and briefs submitted by the United States, and the relevant authorities.  Although pro-se Plaintiff, Clinton M. Winfield, Sr., did not file any responsive documents, the Court has considered the motion on its merits.  The Court concludes that the motion to dismiss should be granted.

## BACKGROUND

On November 18, 2008, Winfield filed his Civil Complaint in the Metropolitan Court for the County of Bernalillo, New Mexico.  Winfield brought a claim for "assault and battery," alleging that Gibbs "reached into my vehicle and struc[k] my hand after I told him I was signing a speeding ticket under [duress]."  Doc. 1, Ex. 1 (Doc. 1-1).   Defendant Gibbs was not served with process until March 31, 2010, however, and he did not file an Answer to the Complaint.  *See* Doc. 6, Attachments 4 & 6 (Doc. 6-1 at 4 & 7).  On April 26, 2010, Winfield filed a Motion for Default Judgment in the

Metropolitan Court.  *See id.*  On April 27, 2010, the United States filed a timely Notice of Removal of Action, removing Winfield's case to this Court pursuant to 28 U.S.C. § 2679(d)(2) and (3).  *See* Doc. 1.  Attached as Exhibit 2 to the Notice was a Certification by Gregory J. Fouratt, United States Attorney for the District of New Mexico, certifying that, at the time of the events described in the Complaint, Gibbs was "acting in the course and scope of his employment as an active duty military member of the United States Air Force and, as such, is deemed an employee of the United States." Doc. 1, Ex. 2 (Doc. 1-2) at 1.  The United States then filed a Notice of Substitution of the United States of America as Defendant in Lieu of Defendant Walter Gibbs, *see* Doc. 3, which substitution the Court ordered on April 29, 2010.  *See* Doc. 8.  The United States subsequently filed a Response to Plaintiff's Motion for Default Judgment, contending that a default judgment is not appropriate because the United States, who was substituted as the Defendant, is the only proper party defendant and "a default judgment cannot be entered against the United States without 'evidence that satisfies the Court.'" Doc. 7 at 2 (quoting FED. R. CIV. P. 55(d)).  The United States further argued that default judgment is inappropriate because Winfield failed to exhaust his administrative remedies, "which is mandatory under the [Federal Torts Claims Act]" *Id.*

On April 30, 2010, the United States filed its motion to dismiss, asserting that the Court lacks subject-matter jurisdiction over Winfield's claims because Winfield has "failed to exhaust his administrative remedies under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b) and 2671[,] *et seq*."  Doc. 9 at 1

## LEGAL STANDARDS

A court must dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."). Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). These two forms of attack differ. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. *See id.* But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (modification in original).

When a party fails "to file and serve a response in opposition to a motion within the time prescribed for doing so," such failure "constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). The court cannot, however, grant a motion to dismiss based solely on plaintiff's failure to respond and must consider the merits of the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) (holding that a court must address the merits of a motion to dismiss notwithstanding the plaintiff's failure to respond).

Under the doctrine of sovereign immunity, "'the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996)

(citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The FTCA waives the United States'

immunity for certain tort claims and makes the United States liable

> for personal injury . . . caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a private person, would
> be liable to the claimant in accordance with the law of the place where the act or
> omission occurred.

28 U.S.C. § 1346(b)(1).  Except for several exceptions that do not apply here, *see*, *e.g.*, 28 U.S.C.

§ 2680, and except for certain constitutional torts, *see Bivens v. Six Unknown Fed. Narcotics Agents*,

403 U.S. 388 (1971), the FTCA is the exclusive remedy for those injured by federal employees

acting within the scope of their employment.  *See* 28 U.S.C. §§ 2679(b)(1); *Franklin v. United

States*, 992 F.2d 1492, 1499-1500 (10th Cir. 1993).  Because Gibbs was employed as a member of

the federal government's security police, and the assault and battery allegedly occurred while he was

acting within the scope of his employment, a claim against the United States under the FTCA is

Winfield's exclusive remedy for Gibbs' alleged assault and battery.

Exhaustion of administrative remedies is a prerequisite to the Court's jurisdiction over a tort

claim against the United States.  28 U.S.C. § 2675(a).  To fulfill this prerequisite, plaintiff must

present the claim to the appropriate federal agency[1] and the claim must be finally denied by the

agency in writing, or a period of six months must have elapsed since its filing and no action taken

by the agency.  *See id.*  A claim is deemed presented when a federal agency receives from a claimant

"an executed Standard Form 95 or other written notification of an incident, accompanied by a claim

for money damages in sum certain for injury to or loss of property, personal injury, or death alleged

to have occurred by reason of the incident."  28 C.F.R. § 14.2(a).  Disposition by a federal agency

---

[1]*Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967
(10th Cir. 1994).

is part of the exhaustion process and a prerequisite to filing a tort claim against the United States. *See* 28 U.S.C. § 2675(a).

The FTCA notice requirements are strictly construed particularly because they affect the waiver of the United States' sovereign immunity. *See Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citing *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 295 (10th Cir. 1977)). Failure to exhaust creates a jurisdictional bar under the FTCA and the Court does not have the power to waive the requirement. *See Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989). The exhaustion requirements apply even to actions which are not originally brought against the United States. *See* 28 U.S.C. §§ 2679(b)(1), 2679(d)(4); *Franklin*, 992 F.2d at 1499-1500 (quoting 28 U.S.C. §§ 2679(b)(1)).

## DISCUSSION

Defendant contends that the Court lacks subject-matter jurisdiction over Winfield's claims because he has not, pursuant to the FTCA, exhausted his administrative remedies. *See* Doc. 9 at 1-7. In support of its motion, Defendant submitted an affidavit stating that the Claims and Tort Litigation Division of the Air Force Operations Agency, United States Air Force, has not received any administrative tort claim from Winfield pertaining to the alleged assault. *See id.*, Ex. C. Winfield has filed nothing in this Court with regard to his case. He has not responded to the motion to dismiss and did not allege that he exhausted his administrative remedies in any of the documents filed in the state court prior to the removal of the case to this Court. No evidence has been provided to the Court that indicates Winfield has exhausted his administrative remedies relating to his claim against the United States. Despite the fact that Winfield initially filed his lawsuit in state court, and because he has failed to exhaust his administrative remedies, Winfield's tort claims against the

United States will be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For all of the above-stated reasons, the Court concludes that Winfield's claims of assault and battery against the United States for acts performed by a federal employee must be dismissed.

**IT IS THEREFORE ORDERED** that *Defendant United States of America's Motion to Dismiss Plaintiff's Civil Complaint* (Doc. 9) is hereby **GRANTED**.  Plaintiff's Complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE